UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAFA LABABNEH, an
individual,
,

      Plaintiff,                        Case No. 1:22-cv-____

vs.

ARBOR TERRACE, a
corporation, and
BIG ROCK MANAGEMENT a
corporation,

      Defendants.

William F. Piper (P38636)
William F. Piper, P.L.C.
Attorney for Plaintiff
1611 West Centre Avenue, Suite 209
Portage, MI 49024
Phone: 269.321.5008
Fax: 269.321.5009
wpiper@wpiperlaw.com

## FIRST AMENDED COMPLAINT

The plaintiff, Wafa Lababneh, by and through her attorney William F. Piper, PLC., for

their complaint, state as follows:

### JURISDICTIONAL ALLEGATIONS

1.      The plaintiff Wafa Lababneh is a woman of Jordanian descent who is a naturalized

citizen of the United States of America, and she is a Muslim.

2.      The defendant Arbor Terrace is a corporation that is owned by Arbor Terrace, and the defendant Big Rock management is a corporation that manages Arbor Terrace at all times relevant to this complaint.

3.      The plaintiff is an aggrieved person as defined by 42 USC § 3607, because the defendants discriminated against her because of her national origin and religion by treating her differently from white residents regarding enforcement of lease provisions, having quiet enjoyment of her tenancy with the defendant, and having an equal ability to maintain a residence with the defendants.

4.      This action is brought under the Fair Housing Act, with is Title VIII of the Civil Rights Act of 1978, as amended by the Fair Housing Action of 1988, 42 USC § 3601 *et seq.*

5.      This court has jurisdiction under 28 U.S.C. §1331, 28 U.S.C. §1345, 42 U.S.C. § 3601, and 42 U.S.C. § 3613, and it has authority to grant declaratory and injunctive relief under Fed. R. Civ. P. 57, 28 U.S.C. §2201 and 28 U.S.C. §2202.

6.      Certain claims in this lawsuit are brought under this court's supplemental jurisdiction to hear and decide state law claims arising out of the same transactions and occurrences as the federal law claims.

## COMMON ALLEGATIONS

7.      The plaintiff restates and realleges as though fully set forth herein paragraphs 1-6 of this complaint.

8.      The plaintiff Wafa Lababneh became a tenant in the Arbor Terrace on or about January 15, 2021.

9.      Ms. Lababneh tried to fit in with other residents of the community by answering questions about her country of origin and her religion with many residents of the apartment complex.

10.     Ms. Lababneh would often pray by the porch door of her apartment, residents passing by witnessed this, and, once, during a conversation, a neighbor asked her to say her prayers out loud.

11.     The residents of the complex appeared to be white Caucasians of European descent.

12.     Smoking was prohibited in certain areas of the apartment complex, as well as in hallways, vestibules or entrance areas, according to Ms. Lababneh's lease.

13.     The lease also provided that "Nothing shall be done in or about the apartment or certain areas that will interfere with the rights, comforts or inconvenience of other residents."

14.     Ms. Lababneh has in autoimmune disorder that is exacerbated by exposure to cigarette smoke.

15.     Upon information and belief other residents of the apartment complex had complained about a white woman named Lenora for smoking cigarettes in from of her apartment unit or the other side of the complex away from Ms. Lababneh's unit.

16.     Upon information and belief, Kim McKay (who manages the complex) directed Lenora to smoke on the other side of the complex in front of Ms. Lababneh's apartment unit.

17.     Beginning in May 2021, and continuing frequently afterwards, Lenora would smoke, sometimes with others, in the common areas and entrance areas very close to and in front of Ms. Lababneh's apartment unit and by her window from the East side.

18.     Cigarette smoke drifted into Ms. Lababneh's apartment, filling it with smoke, and damaging Ms. Lababneh's health and her enjoyment of her premises.

19.     In response, Ms. Lababneh asked Lenora to smoke on the other side of the complex, where Lenora's apartment was actually located.

20.     Ms. Lababneh left a note on the chair whenever Lenora and others would smoke, asking them to move the chairs to the left corner of the building so as not to affect her apartment as much.

21.     Lenora instead snatched the note on May 21, 202 and continued to smoke near Ms. Lababneh's apartment as before, leaving cigarette butts in front of her apartment.

22.      Ms. Lababneh went to Arbor Terrace to complain about the smoking by Lenora and others, and she wrote it an email about this on June 1, 2021, indicating that the smoking was done deliberately, without regard to her rights as a tenant.

23.     The defendants then started to her that Lenore had the right to smoke as she pleased and there was nothing that could be done about it.  They also asked her not to send Lenora any more notes.

24.     In order to obtain more proof, Ms. Lababneh video recorded Lenora smoking in prohibited common areas near Ms. Lababneh's apartment unit.

25.     Lenora then complained about Ms. Lababneh harassing her.

26.     On June 10, 2021 the defendants sent Ms. Lababneh an email accusing her of harassing Lenora, and they told her to leave her alone and let her smoke, despite that the smoke was drifting into Ms. Lababneh's apartment.

27.     Ms. Lababneh sent the video evidence of Lenora's prohibited smoking to the defendants.

28.     The defendants then threatened Ms. Lababneh with "serious consequences," stating that Lenora could smoke outside, that she was not near the entrance doors, and accusing Ms. Lababneh of lying.

29.     Contrary to standard practices, the defendants did not send Ms. Lababneh renewal papers in January 2022, despite that she had paid her rent timely and had not violated any lease provisions.

30.     After ignoring Ms. Lababneh's request to renew her lease, the defendant sent Ms. Lababneh a notice to quit in early January 2021 after asking her to sign a paper declining her renewal.

31.     The defendants began eviction proceedings against Ms. Lababneh in February 2022.

32.     As a result of the defendants' discriminatory and retaliatory treatment of her because of her national origin and religion, and because of retaliation against her because of her complaints about discrimination, Ms. Lababneh has suffered and will continue to suffer emotional distress, for which she has received counseling, anxiety, degradation, obloquy, damage to her health, concern abut housing, a loss of enjoyment of life and other damages.

## COUNT I – FAIR HOUSING VIOLATIONS

33.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-32 of this complaint.

34.     The defendants discriminated against Ms. Lababneh because of her national origin and religion by not enforcing lease policies in an equal way to protect her as they did with white, presumably Christian, tenants, by not protecting her from smokers who violated lease provisions by threatening her tenancy in writing for no good reason by accusing her of harassment, and by attempting to evict her.

35.     The defendants also retaliated against Ms. Lababneh for her complaints about discrimination in the ways set forth in paragraph 34 above.

36.     The conduct of the defendants set forth above violated 42 U.S.C. §3604 (a), 42 U.S.C. §3604 (b), 42 U.S.C. §3604 (c), and 42 U.S.C. §3604 (d).

37.     As a result of the discrimination and retaliation set forth above, Ms. Lababneh has suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment and order against the defendants declaring the defendants' unlawful conduct unlawful; enjoining further discriminatory and retaliatory conduct; awarding the plaintiff compensation for the damages and injuries she has suffered and will continue to suffer in the future; and awarding the plaintiff interest, costs, attorney's fees and any other relief this Court deems fair and just.

## COUNT II – ELLIOTT-LARSEN CIVIL RIGHTS ACT

38.     The plaintiff restates and realleges as though fully set forth herein paragraphs 1-37 of this complaint.

39.     The discrimination and retaliation set forth above violate various sections of the Elliott-Larsen Civil Rights Act, including Article 5, Section 502, and Article 7, Section 701 (MCL 37.2502 and MCL 37.2701).

40.     As a result of the discrimination and retaliation set forth above, Ms. Lababneh has suffered and will continue to suffer the damages set forth above.

WHEREFORE, the plaintiff requests a judgment and order against the defendants declaring the defendants' unlawful conduct unlawful; enjoining further discriminatory and retaliatory conduct; awarding the plaintiff compensation for the damages and injuries she has suffered and will continue to suffer in the future; and awarding the plaintiff interest, costs, attorney's fees and any other relief this Court deems fair and just.


Dated: June 2, 2022                                  William F. Piper, PLC.
                                                     Attorney for Plaintiff

6

By:    /s/ William F. Piper

William F. Piper (P38636)

BUSINESS ADDRESS:

1611 W. Centre Ave., Suite 209

Portage, MI 49024

(269) 321-5008